RENDERED: SEPTEMBER 13, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0903-ME

K.E.I.                                                             APPELLANT


|  | APPEAL FROM CALLOWAY FAMILY COURT |
| v. | HONORABLE STEPHANIE J. PERLOW, JUDGE |
|  | ACTION NO. 22-AD-00041 |


COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; F.C.; AND S.G.,
A MINOR CHILD                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE: K.E.I. (Mother), appeals from an order and judgment of the Calloway Circuit Court, family division, terminating parental rights to her minor child, S.G. (Child). She argues that family court committed clear error and requests that this Court reverse the family court's termination order. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Child was born October 15, 2019. He was removed from Mother's custody on July 19, 2021. The petition for neglect and abuse stated that removal was based on a complaint made by the father of Mother's other children indicating that Mother was actively using methamphetamine while caring for the children in her home. Child was placed in foster care as a result. The family court ultimately found neglect against Mother as alleged in the petition. Mother had a history with the Cabinet dating back to 2015 involving issues of drug abuse, domestic violence, and transience.

On November 10, 2022, the Cabinet for Health and Family Services (Cabinet) initiated an action to terminate the mother's parental rights, which was granted. The father of the Child (Father) voluntarily terminated his parental rights and is not a party to this appeal. Mother raises two specific arguments on appeal: 1) the court erred when it found that she had failed to work her case plan or had not completed her case plan; and 2) the court erred when it failed to properly consider KRS[1] 625.090(5). She also broadly asserts that she was denied equal protection of the law. That claim is unsupported and will not be addressed herein. We now turn to our standard of review and its application to the present issues on appeal.

---

[1] Kentucky Revised Statutes.

## STANDARD OF REVIEW

We begin by noting a "trial court has wide discretion in terminating parental rights." *Cabinet for Health and Family Services v. K.H.*, 423 S.W.3d 204, 211 (Ky. 2014). Accordingly, "our review is limited to a clearly erroneous standard which focuses on whether the family court's order of termination was based on clear and convincing evidence." *Id.* (citing CR[2] 52.01). "Clear and convincing proof does not necessarily mean uncontradicted proof. It is sufficient if there is proof of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent minded people." *M.S.S. v. J.E.B.*, 638 S.W.3d 354, 360 (Ky. 2022) (citation omitted). "Pursuant to this standard, an appellate court is obligated to give a great deal of deference to the family court's findings and should not interfere with those findings unless the record is devoid of substantial evidence to support them." *Cabinet for Health and Family Services v. T.N.H.*, 302 S.W.3d 658, 663 (Ky. 2010). "Because termination decisions are so factually sensitive, appellate courts are generally loathe [sic] to reverse them, regardless of the outcome." *D.G.R. v. Commonwealth, Cabinet for Health and Family Services*, 364 S.W.3d 106, 113 (Ky. 2012).

---

[2] Kentucky Rules of Civil Procedure.

## ANALYSIS

KRS 625.090 governs the termination of parental rights in Kentucky. Before terminating parental rights, a court must find by clear and convincing evidence the following: (1) the child is or has been adjudged abused or neglected as defined in KRS 600.020; (2) termination is in the child's best interest; and (3) at least one of the conditions in KRS 625.090(2)(a)-(k) exists. Here, it is undisputed that Child was abused and neglected. The court made findings demonstrating that it considered all relevant factors in KRS 625.090(3). Specifically, the court found the Cabinet has offered all reasonable services to Mother in an effort to keep the family together (KRS 625.090(3)(c)); Mother's efforts were insufficient to make it in Child's best interest to return home within a reasonable time, considering Child's age (KRS 625.090(3)(d)); Child has improved physically, mentally, and emotionally since placement in her foster home (KRS 625.090(3)(e)); and Mother has not provided sufficient financial support for Child (KRS 625.090(3)(f)). Lastly, the family court made affirmative findings in accordance with KRS 625.090(2)(e), (g), and (j). Mother does not dispute those findings on appeal.

However, she does take issue with the court's determination that she failed to complete her Cabinet case plan. In support she cites to KRS 625.090(3)(d), which requires the court to consider "[t]he efforts and adjustments the parent has made in his circumstances, conduct, or conditions to make it in the

child's best interest to return him to his home within a reasonable period of time, considering the age of the child[.]"

In its twenty-page findings of facts and conclusions of law, the family court detailed Child's Dependency, Neglect, and Abuse case file, and the testimonial evidence presented at trial, including that of multiple case workers and Child's foster parent. Child's Father and Mother also testified. Father testified that he believed it was in Child's best interest that Child remain in his current foster care home. Mother testified concerning her personal improvement, including her success with sobriety. Multiple witnesses attested to her improvement. However, there was no clear evidence that Mother completed her case plan. Critically, Cabinet caseworker Brittany Taylor testified that Mother had made no case plan progress from August 2021 until April 2022, and that she tested positive for methamphetamine in April 2022.[3] As a result, the court issued an order relieving the Cabinet of its obligation to provide reasonable efforts for reunification in April of 2022. Kathryn Foster, an ongoing worker for the Cabinet, testified that she was concerned that Mother had only recently secured independent housing, and that she was only employed part-time. She did not testify that Mother completed her case plan.

---

[3] Mother has had a case plan of some kind open with the Cabinet for nearly five years prior to the present termination.

The family court found, and the record so reflects, that Child is in a stable foster placement and is thriving. This is the home in which he has resided since being removed from Mother's custody. Child is enrolled in preschool and is undergoing therapies addressing his speech, physical, and motor skills. Mother had the opportunity to visit the child thirty-two times but had done so only fifteen times. There was also evidence presented that she failed to provide financially for Child.

The family court also documented a previous instance where Mother had other children removed from her custody, but eventually regained custody of one of her children in 2020. Yet, despite satisfactory completion of her case plan in that case, Mother returned to drug use and instability. The court was clearly concerned with Mother's history of making progress and then reverting to destructive behavior. Its findings are most aptly summarized as follows:

> The simple fact is that the Respondent Mother is not in a position to care for this child. The Petitioner child has lingered in foster care long enough. He is finally doing well and is well adjusted. The Court refuses to gamble with his safety, mental health, and wellbeing. Instead, this Court has concluded that termination of parental rights is in the best interest of the Petitioner child.

In sum, there was ample evidence presented in support of the family court's decision that termination was in Child's best interest.

Lastly, Mother has not successfully demonstrated that Child would no longer continue to be abused or neglected if returned to her care. KRS 625.090(5). This statute permits, "[i]f the parent proves by a preponderance of the evidence that the child will not continue to be an abused or neglected child as defined in KRS 600.020(1) if returned to the parent the court in its discretion may determine not to terminate parental rights." *Id*. Although Mother may sincerely desire to raise her child, there was sufficient evidence presented that Child's welfare would likely be harmed if returned to Mother's care, and that he may be subjected to the same patterns of neglect and negative behavior as existed prior to his removal. Therefore, we find no error in the family court's exercise of its discretion under KRS 625.090(5). Because the family court's order was supported by substantial evidence, we cannot say that its findings were clearly erroneous.

## CONCLUSION

Based on the foregoing, the Calloway Family Court's judgment terminating Mother's parental rights is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jacob R. Caddas
Murray, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY, CABINET FOR
HEALTH AND FAMILY
SERVICES:

Kevin Martz
Covington, Kentucky